## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,                  )
                                           )
                    Plaintiff,             )
vs.                                        )          NO.  CR-04-206-HE
                                           )
BEN RUSSELL SMYLIE,                        )
                                           )
                    Defendant.             )

### ORDER

Defendant Ben Russell Smylie pled guilty to a single count of distribution of methamphetamine and was sentenced to a 173 month term of imprisonment, with 36 months of supervised release.[1]  Judgment was entered on May 24, 2005.  The defendant did not appeal, but on March 3, 2006, filed an application challenging his conviction and sentence, pursuant to 28 U.S.C. § 2255.[2]  In support of his requested relief, the defendant contends that

_____

[1]*The sentence imposed reflected a credit of 15 months for time the defendant had already served in three undischarged state cases (CF-1999-42, CF-2004-11 and CF-2004-38) filed in Beaver County, Oklahoma, and was to run concurrently with the remainder of those sentences.  The plea agreement provided that "[t]he parties agree and recommend that any sentence imposed by the Court should run concurrently with the sentences defendant received pursuant to the State of Oklahoma's prosecution of defendant for the same conduct at issue in the federal Indictment."  Doc. # 31, p. 3.*

[2]*In light of the defendant's explicit request in his reply brief, and, because he clearly is challenging his federal conviction and sentence, the court has treated his pleading as a motion filed pursuant to 28 U.S.C. § 2255.  The reference in the pleading's title to 28 U.S.C. §2254 is due to the defendant's use of a form for § 2254 petitions.  That also explains why he named Ed Evans as respondent and served the Oklahoma Attorney General rather than the United States Attorney for this district.  Under these circumstances, there is no need for the court to advise the defendant of the court's intent to recharacterize his motion and provide him with the option of withdrawing it, as the government suggests.  See generally United States v. Kelly, 235 F.3d 1238 (10th Cir. 2000).*

his federal prosecution was vindictive – the prosecutor proceeded with the charges despite knowing the defendant had been promised, in exchange for his guilty plea to two state charges, that no further charges would be brought against him.[3]  He also claims that his conviction violated the double jeopardy clause as it was based on the same conduct underlying his prior state court convictions and that his attorney was ineffective because he failed to bring up the defendant's plea agreement in the state cases, and failed to explain to the court that the defendant had paid $25,000 to insure that no additional charges were filed against him.  Finally, the defendant contends that he was denied due process because his federal conviction both constituted a breach of his plea agreement in state court and duplicated his state convictions.[4]  He asserts that because his state plea was obtained under false pretenses he should be entitled to withdraw his federal plea.  The government filed a combined response to the writ and motion requesting an order enforcing the plea agreement.

In his brief filed in support of his petition, the defendant acknowledges that, as part of his plea agreement, he waived his right to appeal or collaterally challenge his sentence

---

[3]*The defendant refers to this information, together with an allegation "that the D.E.A. had been paid $25,000," Petition, p. 2, as evidence favorable to the accused that should have been disclosed.  The defendant alleges in his habeas petition that he paid the money so that no other charges (other than the Beaver County charges) would be filed against him.  Id. p. 3.  Defense counsel, in correspondence to the government, dated January 21, 2005, stated that the defendant had paid, in conjunction with his state convictions, two $25,000 "DEA fee[s]."  Defendant's Exhibit K, p. 2.*

[4]*Although the defendant also asserts a lack of investigation regarding evidence provided by the state, it appears he is challenging testing conducted by the state, not the federal  government, and is referring to the government's disregard of certain grams of liquid as "waste water."  See Petition, Exhibit J.*

except in limited circumstances.  The Tenth Circuit generally enforces plea agreements that waive appellate rights, United States v. Porter, 405 F.3d 1136, 1142 (10th Cir. 2005), *cert. denied,* ___U.S. ___ (2005), and "collateral attack rights brought under § 2255." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001).[5]  A defendant's ability to challenge his conviction and sentence depends on whether his collateral attack falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcement of the waiver would result in a miscarriage of justice.  *See* Porter, 405 F.3d at 1142; Cockerham, 237 F.3d at 1183 ("[T]he constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights.").

The language of the defendant's plea agreement encompasses his challenges to his conviction and sentence.  Under the waiver, the defendant "knowingly and voluntarily waive[d] his right to ... collaterally challenge his guilty plea and any other aspect of his conviction ... [or] collaterally challenge ... his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case."  Plea Agreement, ¶8(a),(b). The waiver contains two exceptions  – the defendant does not waive the right to appeal a sentence in excess of the advisory sentencing guideline range or to bring a collateral challenge based on a retroactive change in the law.  *Id.* at ¶8(c).  The defendant's grounds

---

[5]*The Tenth Circuit held in* Cockerham *that "a  waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."* Cockerham, *237 F.3d at 1183.*

for relief in his § 2255 petition do not fall within either exception.

The defendant does not argue that his waiver was unknowing[6] or involuntary[7] and, although he does base his § 2255 motion on ineffective assistance of counsel, only ineffective assistance of counsel claims "challenging the validity of the plea or the waiver" are preserved. Cockerham, 237 F.3d at 1187. Collateral attacks based on ineffective assistance of counsel claims that fall outside that category are waivable. *Id.* The defendant claims that his counsel failed to inform the judge of his plea agreement with the state and his $25, 000 payment, but he does not contend that his attorney's alleged ineffectiveness affected the voluntariness of his plea to the federal charge or his waiver of his collateral attack rights.

"To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective

---

[6] *During the change of plea hearing the prosecutor summarized the principal terms of the plea agreement, including that the "defendant ha[d] agreed to knowingly and voluntarily waive his right to appeal or collaterally challenge his guilty plea, appeal or collaterally challenge or move to modify his sentence ...." Government's Exhibit 3, Transcript of Plea of Guilty, p. 12.*

[7] *While the defendant's arguments may be construed to contend that his state pleas were involuntary because they were obtained allegedly under false pretenses, he does not make a similar challenge to his guilty plea to the federal charge. The record also reveals that the defendant's waiver was knowing and voluntary. See Government's Exhibit 1, Plea Agreement, ¶8(a),(b), 18; Government's Exhibit 3, Transcript of Plea of Guilty, pp. 12, 17-18. See generally* Robinson, *2006 WL 292392, at * 3 (in determining whether a defendant's waiver of his right to appeal is made knowingly and voluntarily, the court considers the language of the plea agreement – whether it states that the defendant entered into the agreement knowingly and voluntarily – and whether there was an adequate Fed.R.Crim.P. 11 colloquy).*

assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings."[8] Porter, 405 F.3d at 1143.  As the defendant has not shown the existence of any of these circumstances, he has not met his burden of demonstrating that enforcement of the plea agreement would produce a miscarriage of justice.

The court finds the defendant's claims are barred by the waiver on collateral attacks contained in the plea agreement.  The government's motion to enforce the plea agreement [Doc. #76] is **GRANTED** and the defendant's § 2255 motion [Doc. #70] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[8]*Factors considered in deciding if the waiver seriously affects the fairness, integrity or public reputation of judicial proceedings include: "whether the plea agreement stated the appropriate statutory maximum, informed the defendant that he was giving up multiple constitutional and appellate rights in exchange for concessions from the government, and implied that the sentence would be imposed in accordance with the guidelines then in effect," plus " whether the defendant's sentence conform[ed] with the terms of the plea agreement and the defendant's understanding of the plea")  Robinson,2006 WL 292392, at * 4 .*